UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SABAH Y.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 2:18-CV-01646-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she failed to provide specific, legitimate reasons supported by substantial evidence for discounting the opinion of examining psychologist Dr. Widlan. Had the ALJ properly considered this opinion, the residual functional capacity ("RFC") may have included additional

limitations. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On July 15, 2014, Plaintiff filed an application for SSI, alleging a disability onset date of June 16, 2012. *See* Dkt. 9, Administrative Record ("AR") 22, 200-06. Plaintiff's application was denied initially and on reconsideration. AR 99-107, 111-17. ALJ Stephanie Martz held a hearing on November 1, 2016. AR 47-69. In a decision dated January 13, 2017, the ALJ determined Plaintiff to not be disabled. AR 19-32. Plaintiff requested a review of his case by the Social Security Appeals Council ("AC") on January 23, 2017. AR 194. On February 7, 2018, the AC granted Plaintiff's request for review, and stated that it planned to find him disabled as of January 13, 2017, the date of the ALJ's decision. AR 195-96.

The AC adopted the ALJ's findings for the period before the date of the ALJ's decision but found that based on vocational factors including Plaintiff's age, he was disabled as of January 13, 2017. AR 197. The AC issued a partially favorable decision on September 6, 2018. AR 1-8. The AC adopted the ALJ's findings with respect to steps one through five of the sequential evaluation. AR 5-6. However, the AC found that on the date of the hearing decision, Plaintiff was within three months of attaining age 45 and a change in age category from that of a "younger individual age 18-44" to that of a "younger individual age 45-49." AR 6. The AC noted that it in making determinations regarding disability, the AC does not apply the claimant's age "mechanically", and that if Plaintiff had attained age 45, he would be found disabled pursuant to Medical-Vocational Rule 201.17. AR 6. The AC found that Plaintiff's age should not be applied mechanically given Plaintiff's additional vocational impediments, including a lack of prior work

activity, an inability to communicate in English, and non-exertional limitations. AR 6. Applying the borderline age policy, the AC found that Plaintiff qualified as a younger individual age 45-49 as of the hearing decision date, and was therefore disabled as of January 13, 2017 pursuant to Rule 201.17. AR 7.

The Appeals Council decision of September 6, 2018 is the final agency decision subject to judicial review. *See* 20 C.F.R. § 416.1481. ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised."); *See e.g. Griffin v. Berryhill*, No. C17-308-RAJ, 2017 WL 5668040 (W.D. Washington, Nov. 27, 2017) (citing *Sims v. Apfel*, 530 U.S. 103, 106-7 (2000) ("SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision").

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to properly assess the opinion of consultative psychological examiner David Widlan, Ph.D. Dkt. 11, pp. 4-7. Plaintiff requests the Court remand his claims for an award of benefits. *Id.* at 8.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.      Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff argues that the ALJ failed to properly consider an opinion from examining psychologist Dr. Widlan. Dkt. 11, pp. 4-7.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Dr. Widlan conducted a psychological evaluation of Plaintiff on November 17, 2014. AR 347-51. Dr. Widlan's evaluation consisted of a clinical interview, a mental status evaluation, and a review of Plaintiff's medical records. AR 347. Based on this evaluation, Dr. Widlan found that Plaintiff suffered from depression and "significant" anxiety. AR 351. Dr. Widlan found that except for his language issues, Plaintiff was capable of accepting instruction. AR 351. Dr. Widlan also stated that Plaintiff's anxiety related issues, particularly intrusive thoughts, would impact his ability to sustain attention "through the course of a competitive full-time setting." AR

351. Dr. Widlan found that Plaintiff would "likely" have issue with task completion. AR 351.

The ALJ assigned "partial weight" to Dr. Widlan's opinion, because:

> nothing in the mental status examination shows that the claimant was unable to keep up pace. Dr. Widlan opined that the claimant "would likely" have intrusive thoughts that would affect attention and that the claimant would have difficulties with tasks completion. However, there is nothing in the examination findings that support this opinion. In another word, Dr. Widlan's opinion consistent [sic] of internal inconsistencies. Moreover, as mentioned above, the claimant has had no mental health treatment until August 2016 and there is no evidence that he has problems maintaining attendance at his appointments, following through with his physical therapy, or attending English classes due to his mental health problems.

AR 30. The ALJ instead assigned "significant evidentiary weight" to the opinions of non-examining State agency psychological consultants Matthew Comrie, Psy.D. and Thomas Clifford, Ph.D. AR 29-30.

The ALJ erred when she relied upon the absence of a mental health treating record until August 2016 to discount Dr. Widlan's findings concerning Plaintiff's mental limitations. Plaintiff is an Iraqi refugee who first arrived in the United States in December 2013. AR 348. Plaintiff does not speak English, was unfamiliar with the U.S. health care system, and has never worked in the United States. AR 31. The expectation that he would have been able to consistently pursue mental health treatment between December 2013 and August 2016 is not a legitimate reason for rejecting part of Dr. Widlan's opinion. *See Van Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) ("the fact that claimant may be one of millions of people who did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that [a physician's] assessment of claimant's condition is inaccurate."); *see also* Social Security Ruling ("SSR") 16-3p (the Social Security Administration will not find an individual's symptoms inconsistent with the evidence in the record because the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective

complaints "without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints.").

The ALJ further erred in finding that there is "nothing" in Dr. Widlan's evaluation to support his finding that Plaintiff would have intrusive thoughts that would likely interfere with his ability to sustain attention and complete tasks. As a preliminary matter, the ALJ has not accurately summarized Dr. Widlan's opinion. Dr. Widlan did not find that Plaintiff "would likely" have intrusive thoughts. Rather, Dr. Widlan found that Plaintiff described "obvious" symptoms associated with post-traumatic stress disorder including intrusive thoughts and opined that Plaintiff's prognosis was likely poor given the full range of difficulties he experiences. AR 351. Dr. Widlan stated that Plaintiff's anxiety related issues, particularly intrusive thoughts, would impact his ability to sustain attention through the course of a competitive full-time setting and that Plaintiff "would likely" have issues with task completion. AR 351.

While Dr. Widlan relied partly on Plaintiff's statements in addition to his own clinical observations, there is nothing to indicate that he relied on those statements more heavily than his own clinical observations in assessing Plaintiff's limitations. *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)) citing *Regennitter v. Comm'r Soc. Sec. Admin.*, 166 F.3d 1294, 1300 (9th Cir.1999) (substantial evidence did not support ALJ's finding that examining psychologists took claimant's "statements at face value" where psychologists' reports did not contain "any indication that [the claimant] was malingering or deceptive").

The slight ambiguity in Dr. Widlan's opinion relates to precisely how often Plaintiff would have issues with task completion during a workday, not whether he has intrusive thoughts stemming from his post-traumatic stress condition. Dr. Widlan's findings concerning the impact of Plaintiff's intrusive thoughts are supported by Plaintiff's statements during the clinical

interview, during which Plaintiff described difficulty sleeping due to intrusive thoughts, and Dr. Widlan's clinical observations. AR 347. As such, there is not an internal inconsistency between the results of Dr. Widlan's evaluation and his medical source statement concerning Plaintiff's limitations.

Plaintiff's ability to attend doctor appointments and English language classes is not, by itself, a legitimate reason to discount Dr. Widlan's opinion regarding his ability to complete work-related mental tasks in a full-time competitive work setting. An ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.1999). However, disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998), citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir.1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). Plaintiff's ability to attend doctor appointments and English language classes does not necessarily indicate that he had no mental health problems, nor does his participation in these activities indicate mental capacities that would transfer to a work setting.

"[H]armless error principles apply in the Social Security context." *Molina*, 674 F.3d at 1115. An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir.

2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ given greater weight to Dr. Widlan's opinion, the RFC may have included additional limitations related to Plaintiff's ability to sustain attention and complete tasks. If Dr. Widlan's opinion was given great weight and additional limitations were included in the RFC and in the hypothetical questions posed to the vocational expert, the ultimate disability determination may have changed. Accordingly, the ALJ's error is not harmless and requires reversal.

**II.  Whether this case should be remanded for an award of benefits.**

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 11, p. 8. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record

that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). The Court has determined that the ALJ must re-evaluate Dr. Widlan's opinion. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 17th day of July, 2019.

_____
David W. Christel
United States Magistrate Judge